a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| VERAN JONES #312716,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-03267<br>SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| DIANE WILLIAMS ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by *pro se* Plaintiff Veran Jones ("Jones"). Jones is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. Jones claims that Defendants violated his constitutional rights by failing to follow DOC regulations in reviewing and denying his administrative remedies.

Because Jones fails to state a claim for which relief can be granted, his Complaint (ECF No. 18) should be DENIED and DISMISSED.

I. **Background**

Jones alleges that Defendant Diane Williams failed to follow DOC regulations in screening his administrative remedies and failed to properly investigate his claim. ECF No. 18 at 3.

1

## II. Law and Analysis

### A. Jones's Complaint is subject to preliminary screening.

Jones's Complaint (ECF No. 18) is subject to preliminary screening under 28 U.S.C. § 1915A because he is a prisoner seeking redress from an officer or employee of a governmental entity. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Section 1915A(b) provides for *sua sponte* dismissal of a complaint, or any portion thereof, if a court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### B. Jones suffered no constitutional violation.

Jones claims that his constitutional rights were violated by Defendant Williams when she failed to properly investigate his administrative grievance and follow established DOC policies governing the administrative remedy process. ECF No. 18 at 2-3.

An inmate has no constitutional right to a grievance procedure. *See Jones v. North Carolina Prisoners Labor Union*, 433 U.S. 119, 138 (1977) (Burger, J.,

concurring) (applauding the adoption of grievance procedures by prisons, but expressly declining to suggest that such procedures are constitutionally mandated); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (holding that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) (holding prison grievance procedure does not confer substantive right on inmates; thus does not give rise to protected liberty interest under the Fourteenth Amendment); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991) (per curiam) (concluding regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure); *Banks v. Director, TDCJ-CID*, 2013 WL 1003423, at *2 (E.D.Tex. 2013). Thus, there is no liberty interest in having a grievance investigated or resolved. *See Geiger v. Jowers*, 404 F.3d 371, 374–75 (5th Cir. 2005); *see also Edmond v. Martin*, 1996 WL 625331, at *1 (5th Cir. 1996) (prisoner's claim that defendant failed to investigate and denied his grievance raises no constitutional issue); *Ybanez v. Boston*, 2020 WL 4574605, at *2 (E.D.Tex. 2020).

Additionally, the failure to follow internal regulations with respect to the grievance process "is not tantamount to a constitutional violation." *See Green v. Hendrick Medical Center*, 251 F.3d 157 (5th Cir. 2001) (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986)); *see also Simmons v. Hooper*, 2021 WL 861716, at *6 (N.D. Tex. 2021) (citing *Jackson v Cain*, 864 F.2d 1235, 1251–52 (5th Cir. 1989) (states failure to follow its own rules or regulations alone does not establish a constitutional violation)).

3

## III. Conclusion

Because Jones fails to state a viable constitutional claim, IT IS RECOMMENDED that his Complaint (ECF No. 18) be DENIED and DISMISSED WITH PREJUDICE under §1915A.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Friday, November 5, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE